Case 6:19-cv-00067-BMM   Document 12   Filed 03/09/21   Page

FILED
3/9/21
Clerk, U.S. District Court
District of Montana
Great Falls Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF TRANSPORTATION, and MALCOLM LONG, in his official capacity as Director of the Montana Department of Transportation,<br><br>Defendants. | CV 19-67-H-BMM-JTJ<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS** |

## INTRODUCTION

Plaintiff Stephen Kelly (Kelly) brought this action *pro se*. The named Defendants include the Montana Department of Transportation and the Director of the Montana Department of Transportation, in his official capacity.[1] Kelly asserts claims under 42 U.S.C. § 1983. Kelly alleges that the Defendants violated his rights under the First Amendment of the United States Constitution by removing a "spiritual cross" that he had erected "along side" Highway 12 in East Helena,

---

[1] Mike Tooley was the Director of the Montana Department of Transportation on the date that Kelly filed his Complaint in this case. The Court has modified the caption of Kelly's Complaint to reflect that Malcolm Long is now the Director of the Montana Department of Transportation.

Montana on September 19, 2019, in memory of his stepson. (Doc. 2 at 5-6). Kelly alleges that the removal of the spiritual cross violated his First Amendment right to freedom of speech, his First Amendment right to freedom of religion, and his First Amendment right to be free from discrimination. (Doc. 2 at 6-8). Kelly seeks declaratory and injunctive relief. (Doc. 2 at 9-10). Kelly seeks an order declaring that the Defendants violated his First Amendment rights, and an order enjoining the Defendants from attempting to "enforce [this] practice" in the future. (Doc. 2 at 9-10).

## DISCUSSION

### a.  Pre-Screening

The Court has allowed Kelly to proceed *in forma pauperis*. The Court must therefore screen Kelly's Complaint before it is served on the Defendants. The Court must dismiss any portion of the Complaint that is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from liability. 28 U.S.C. § 1915(e)(2)(B).

### b.  Kelly's Free Speech Claim

The First Amendment's Free Speech Clause restricts government regulation of private speech. U.S. Constitution, Amendment 1; *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009). The Free Speech Clause is applied to state

2

governments through the due process clause of the Fourteenth Amendment. See *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996).

The Free Speech Clause applies only to private speech. *Summum*, 555 U.S. at 464-67. It does not apply to government speech. *Id.* Government speech is exempt from First Amendment scrutiny. *Johanns v. Livestock Marketing Association*, 544 U.S. 550, 553 (2005).

A governmental entity possesses the right to control government speech. It may allow government speech that it approves and it may reject government speech that it disapproves. See *Summum*, 555 U.S. at 468; *Downs v. Los Angeles Unified School District*, 228 F.3d 1003, 1012 (9th Cir. 2000).

Monuments erected on public land constitute "government speech" because they "have the effect of conveying a government message." *Summum*, 555 U.S. at 472. A monument erected on public land constitutes government speech even if it was erected or financed by a private entity. *Summum*, 555 U.S. at 470-471 (display of granite Ten Commandments monument on front lawn of municipal building was government speech even though the monument was funded by private donations).

A spiritual cross erected on public land adjacent to a highway constitutes government speech. See *American Atheists, Inc. v. Davenport*, 637 F.3d 1095,

1114-16 & n. 8 (10th Cir. 2010). Defendants did not violate the First Amendment's Free Speech Clause when it removed the spiritual cross that Kelly had erected on public property because the First Amendment does not apply to government speech. Kelly has failed to state a cognizable claim under the First Amendment's Free Speech Clause.

### c. Kelly's Discrimination Claim

Kelly alleges that the Defendants violated the First Amendment's prohibition against discrimination when it removed his spiritual cross. Kelly alleges that the removal of the cross constituted discrimination because the Defendants have allowed "private businesses to [erect] bill board signs [near] Montana Highways." (Doc. 2 at 7-8).

The First Amendment regulates viewpoint and content discrimination with respect to private speech. *Matal v. Tam*, 137 S.Ct. 1744, 1757 (2017). The First Amendment forbids the government from regulating private speech in ways that favor some viewpoints or ideas at the expense of others. *Id.* The First Amendment's restrictions on viewpoint and content discrimination apply only to private speech. They do not apply to government speech. *Matal*, 137 S.Ct. at 1757; *Burwell v. Portland School District No.1J*, 2019 WL 9441663, *6 (D. Or. March 23, 2019). Kelly has failed to state a cognizable claim for discrimination

4

under the First Amendment given that the spiritual cross he erected constituted government speech.

### d. Kelly's Freedom of Religion Claim

Kelly alleges that the Defendants violated his First Amendment right to freedom of religion when they removed his spiritual cross.

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise [of religion]." U.S. Constitution, Amendment 1. The first of these two clauses, commonly referred to as the Establishment Clause, commands a separation of church and state. The Establishment Clause forbids the government from endorsing religion through government speech. *Board of Education of Westside Community Schools v. Mergens*, 496 U.S. 226, 250 (1990). The second clause, commonly referred to as the Free Exercise Clause, protects an individual's right to endorse his or her religion through private speech. *Id.*; *Culter v. Wilkinson*, 544 U.S. 709, 719 (2005).

Kelly does not allege that the Defendants prohibited him from freely exercising his religious beliefs though private speech. Kelly alleges that the Defendants removed a spiritual cross that he had erected on public land. As discussed above, the spiritual cross constituted government speech. Kelly has

therefore failed to state a cognizable claim under the First Amendment's Free Exercise Clause.

Accordingly, IT IS HEREBY RECOMMENDED:

1. The District Court should dismiss this case with prejudice. Kelly has failed to assert a cognizable claim upon which relief may be granted. The District Court need not give Kelly an opportunity to amend his complaint because it is "absolutely clear" that his complaint cannot be cured by amendment. See *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

2. All pending motions (Docs. 7, 8 and 10) should be DENIED as moot.

### Notice of Right to Object to Findings and Recommendations

Kelly is advised that he may file written objections to these Amended Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Amended Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Amended Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 9th day of March, 2021.

John Johnston
United States Magistrate Judge

6